E-FILED IN OFFICE - AN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04819-S1**
**7/1/2021 4:38 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| LORRAINE LEA LARUE, | § | CIVIL ACTION FILE NO.: |
| | § | |
| Plaintiff | § | **21-C-04819-S1** |
| | § | |
| v. | § | |
| | § | |
| WAL-MART STORES EAST, L.P. | § | |
| (DELAWARE), JOHN DOE 1, and | § | |
| XYZ INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Lorraine Lea LaRue, Plaintiff herein, and files this, her Complaint for Damages and Demand for Jury Trial showing the Court as follows:

1.

Plaintiff Lorraine Lea LaRue (hereinafter, "Plaintiff") is currently a resident of the State of Georgia, residing at ███████████████████████ By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Court.

2.

Defendant, Wal-Mart Stores East, L.P. (Delaware) (hereinafter, "Wal-Mart") is a Delaware corporation based in the State of Arkansas and doing business in the State of Georgia, and as such is subject to the jurisdiction and venue of this Court. This Defendant may be served with Summons and a copy of this Complaint through its registered agent for service, to wit: The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

3.

Wal-Mart is an owner/operator of a national chain of retail stores and is authorized to transact business in the State of Georgia.

4.

Wal-Mart has a storefront and transacts business in Gwinnett County, Georgia, where this cause of action originated.

5.

Defendant, John Doe 1 (hereinafter, "Defendant Doe") is an unknown individual, believed to be a resident of Georgia, who was a general manager at the Wal-Mart store in question. When John Doe 1's identity is known, Plaintiff will amend this Complaint, properly identify Defendant Doe 1, and have Defendant Doe 1 served a *Summons* and a second original of this *Complaint,* as well as the *Amended Complaint* on John Doe 1.

6.

Defendant, XYZ Inc. (hereinafter, "Defendant XYZ") is an unknown corporation, believed to be a Georgia corporation, that was contracted by Defendant Wal-Mart for the delivery of pallets used in their store premises.  When XYZ's identity is known, Plaintiff will amend this Complaint, properly identify Defendant XYZ, and have Defendant XYZ served a *Summons* and a second original of this *Complaint,* as well as the *Amended Complaint* on Defendant XYZ.

7.

Defendant Wal-Mart, Defendant Doe and Defendant XYZ are all joint torfeasors in this incident.

8.

Venue and jurisdiction are proper in Gwinnett County, Georgia. O.C.G.A. § 14-2-510(b)(3); O.C.G.A. § 9-10-31.

9.

Removal of this case to federal court is not appropriate.  See, e.g., *Poll v. Deli Mmgt. Inc., No. 1:07-cv-0959-RWS, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007); Stalvey v. Wal-Mart Stores East*, No. 5:10-cv-00206, 2010 WL4332439 (M.D. Ga. June 22, 2010); *Ott v. Wal-Mart Stores*, No. 5:09-cv-00215, 2010 U.S. Dist. LEXIS 13072 (M.D. Ga. Feb. 15, 2010); *Stephens v. Wal-Mart Stores East*, No. 5:09-cv-325, 2010 U.S. Dist. LEXIS 35506 (M.D. Ga. Apr. 12, 2010; *Mobley v. Wal-Mart Stores, Inc.*, No. 2:09-cv-3019, 2010 U.S. Dist. LEXIS 10783 (D.S.C. Feb. 8, 2010); *Mack v. Wal-Mart Stores, Inc.*, No. 1:07-cv-3105-RBH, 2007 U.S. Dist. LEXIS 79646 (D.S.C. Oct. 26, 2007). Inappropriate removals to federal court are subject to an award of fees, 28 U.S.C. § 1447(c). An award of fees is appropriate when the removing party lacks an objectively reasonable basis for seeking removal.  In this situation, an award of fees does not require a showing of bad faith. *Poll,* 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007).

## FACTS

10.

On October 31, 2020, Wal-Mart was in legal possession of the premises, known as Supercenter #3786, and located at 3250 Sardis Church Road in Buford, Gwinnett County, Georgia 30519.

11.

On or about October 31, 2020, Wal-Mart was operating a retail store on the premises referred to above.

12.

On or about October 31, 2020, Plaintiff entered said premises for the purpose of purchasing goods from Wal-Mart.

13.

On or about October 31, 2020, upon entering said premises, Plaintiff assumed the legal status of an invitee as the term is defined under Georgia Law.

14.

On or about October 31, 2020, while shopping inside the store, Plaintiff turned to the right to pick up an item for purchase when her tennis shoe became caught on the unloaded portion of a pallet, causing her to fall and land on her right side, resulting in serious and painful injuries to her body.

15.

Plaintiff had no knowledge of the unsafe and dangerous condition in the subject Wal-Mart, and it was not discoverable by her in the exercise of reasonable care.

16.

Plaintiff exercised reasonable care for her own safety.

17.

As a direct and proximate cause of this fall, Plaintiff suffered severe injuries to her hip and right shoulder for which she has incurred medical, hospital and physical therapy expenses, has suffered significant pain and suffering, and may suffer permanent medical impairment as a direct result.

18.

As a result of said injuries, Plaintiff will continue to endure physical and mental pain and suffering.

## COUNT I – NEGLIGENCE OF WAL-MART

### 19.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

### 20.

At all relevant times, it is believed that Wal-Mart owned and managed the subject Wal-Mart location and owed a legal duty of reasonable care to invitees to inspect and keep the premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

### 21.

At all relevant times, Wal-Mart, by and through its employees had actual or constructive knowledge of the hazardous condition present inside the store.

### 22.

At all relevant times, Wal-Mart breached its duty of reasonable care as follows:

(a)     Defendants failed to inspect the premises for dangerous conditions;

(b)     Defendants failed to warn Plaintiff of a dangerous condition they knew or should have known existed inside the store; and

(c)     Defendants failed to repair the dangerous condition when they knew or should have known it existed.

### 23.

As a result of the foregoing, Wal-Mart breached a legal duty to Plaintiff in violation of O.C.G.A. § 51-3-1.

24.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Wal-Mart, Plaintiff suffered substantial injuries including medical and other necessary expenses. Mental and physical pain and suffering, both past and future, due to injuries to her body and nervous system, personal inconvenience, as well as an inability to lead a normal life.  As a result of the subject incident, Plaintiff has incurred expenses in excess of $46,246.07, itemized as follows:

| | |
|---|---|
| **Northside Hospital** | **$36,348.50** |
| **OrthoAtlanta** | **$9,237.57** |
| **Upper Cervical Chiropractic of GA** | **$660.00** |
| **Total Medical Bills Incurred to Date** | **$46,246.07** |

25.

Defendant Wal-Mart is liable for the injuries and damages Plaintiff suffered as a result of the Defendant's negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial

## COUNT II – NEGLIGENCE OF DEFENDANT DOE AND DEFENDANT XYZ

26.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

27.

Defendant Doe was senior level manager with sufficient supervisory authority over the subject premises on or about October 31, 2020.

28.

Defendant Doe was physically present in the subject premises on October 31, 2020 when Plaintiff fell.

29.

On October 31, 2020, Defendant Doe was responsible for the supervision of the employees at the subject Wal-Mart store.

30.

On October 31, 2020, Defendant Doe possessed and controlled the subject premises where the incident occurred such that each was the occupier of the premises at the time of Plaintiff's injury. *Poll v. Deli Management, Inc.*, 2007 WL 2460769 (N.D. Ga. 2007) or 2007 U.S. Dist. LEXIS 62564 (2007).

31.

At the time of the incident, Defendant Doe was supervising or managing the subject premises. They each had actual or constructive knowledge of the hazardous condition.

32.

On October 31, 2020, Defendant XYZ provided the pallets which created the hazardous condition upon which Plaintiff fell, and had either actual or constructive knowledge of the hazardous condition.

33.

At the time of the incident, Plaintiff was an invitee on the premises. Defendant Doe had a legal duty under O.C.G.A. § 51-3-1 to perform supervisory services in a reasonable and prudent manner and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

34.

Defendant Doe breached their legal duties to perform their supervisory duties in a reasonable and prudent manner by failing to inspect the premises to discover the hazard and by negligently supervising the employees under their authority.

35.

Defendant XYZ breached their legal duties to perform their supervisory duties in a reasonable and prudent manner by failing to inspect the premises to discover the hazard and by negligently supervising the employees under their authority.

36.

Defendant Doe's negligent supervision included the failure to adequately monitor the assistant managers and store-level employees to ensure that they were inspecting the store for hazards in a reasonable manner. Each manager's oversight duties were not completed in a reasonably prudent manner.

36.

Defendant XYZ's negligent supervision included the failure to adequately monitor the their employees to ensure that they were inspecting the store for hazards in a reasonable manner. XYZ's oversight duties were not completed in a reasonably prudent manner.

37.

Defendant Doe had meaningful input into the development of store policies and procedures at the time of this incident. Although each may have worked in collaboration with senior off-sight management in these efforts, their input was critical and instrumental in the development of safety policies and procedures for the subject Wal-Mart location.

38.

Defendant Doe was negligent in their role as a member of the team that developed safety policies and procedures for the subject Wal-Mart location.

39.

Defendant Doe was negligent in supervising the implementation of the designated safety policies regarding pallet placement on the floor of the subject Wal-Mart location.

40.

As a result of the foregoing, Defendant Doe and Defendant XYZ breached a legal duty to Plaintiff in violation of O.C.G.A. § 51-3-1.

41.

Plaintiff avers that as a direct and proximate result of the aforementioned acts of negligence on the part of the defendants, through their agents, servants, or employees, separately and collectively, the Plaintiff was caused to suffer and incur the following injuries and damages:

(1)     Severe and permanent injuries caused by the Defendants' negligence, including but not limited to an injury to her right shoulder;

(2)     Pain, mental anguish and suffering, both past and future;

(3)     Medical, hospital and physical therapy expenses, past and future in an amount to be proven at trial;

(4)     Permanent medical impairment; and

(5)     Loss of enjoyment of life.

The Plaintiff seeks recovery for each of these items and damages.

WHEREFORE, Plaintiff prays this Court will issue an Order as follows:

(a)     that process issue and that the Defendants be served with process as provided by law;

(b)      that Plaintiff have a TRIAL BY JURY on all matters pleaded herein;

(c)      that Plaintiff recover against the Defendants compensatory damages in an amount to be

proven at trial;

(d)      that Plaintiff recover against the Defendant reasonable attorney's fees and costs of

litigation and any statutory penalties allowed by law; and

(e)      that Plaintiff have any other further relief as this Court deems just and proper.

Respectfully submitted this the 1st day of July, 2021.

THE ZDRILICH LAW GROUP, LLC

Joseph A. Zdrilch, Esq.
State Bar of Georgia No.: 569248
Attorney for Plaintiff(s)

3575 Koger Boulevard, Suite 125
Duluth, Georgia 30096
Phone: 770-931-9604
Facsimile: 770-931-9610
E-mail: joseph@tzlawgroup.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LORRAINE LEA LARUE,                                    Civil Action File No.
21-C-04819-S1

        Plaintiff,

v.

WAL-MART STORES EAST, LP (DELAWARE),
JOHN DOE 1 AND XYZ, INC.,

        Defendants.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant admits that it operated the subject store only. Defendant denies the

remaining allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant admits the allegations contained in paragraph 4 of the Plaintiff's

Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's

Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's

Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's

Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's

Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant admits the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant admits the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint, as stated.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant re-alleges and incorporates the answers set forth in all preceding paragraphs, as if repeated verbatim herein.

20.

Defendant admits only that it operated the subject store.  Defendant denies the remaining allegations contained in paragraph 20 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint, including subparagraphs (a), (b), and (c), thereof.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant re-alleges and incorporates the answers set forth in the preceding paragraphs as if repeated verbatim.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.

Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.

Defendant denies the allegations contained in paragraph 41 of the Plaintiff's Complaint, including subparagraphs (1), (2), (3), (4) and (5) thereof.

42.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

43.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d), and (e) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP  has this day been filed and served

upon opposing counsel via Odyssey eFileGA.

This the  10th  day of July, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com