UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORRAINE LEA LARUE, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES EAST, LP (DELAWARE), JOHN DOE 1 and XYZ, INC., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:21-CV-02766-JPB |

## ORDER

This matter comes before the Court on Wal-Mart Stores East, LP's Motion for Summary Judgment [Doc. 46]. This Court finds as follows:

## PROCEDURAL HISTORY

Lorraine Lea Larue ("Plaintiff") filed suit against Wal-Mart ("Defendant") and two unnamed defendants, John Doe 1 and XYZ, Inc., ("Doe Defendants"), in the State Court of Gwinnett County on July 1, 2021. [Doc. 1-1, p. 1]. Plaintiff brought negligence claims against Defendant and Doe Defendants and sought damages for medical expenses as well as pain and suffering. Id. at 5, 6, 9. Defendant removed the case to this Court on July 10, 2021, on the basis of diversity jurisdiction. See [Doc. 1, p. 4]. Defendant moved for summary judgment on July 15, 2022. [Doc. 46].

## FACTUAL HISTORY

The Court derives the facts of this case primarily from Defendant's Statement of Material Facts as to Which There Is No Genuine Issue To Be Tried. [Doc. 46-2]. The Local Rules of this Court make clear that the Court will deem each of the movant's facts admitted unless the respondent refutes or objects to the fact or shows that the fact is either immaterial or unsupported by the record. N.D. Ga. Civ. R. 56.1(B)(2)(a). The Local Rules also direct a respondent to a summary judgment motion to include with her responsive brief "[a] statement of additional facts" that she "contends are material and present a genuine issue for trial" and that meet the requirements of the Local Rules. See N.D. Ga. Civ. R. 56.1(B)(2)(b).

Plaintiff did not respond to Defendant's Statement of Material Facts, and therefore, the Court deems those facts admitted. Plaintiff also did not file a statement of additional material facts that present an issue for trial. Nonetheless, the Court uses its discretion to consider all facts the Court deems material after reviewing the record.[1] For the purpose of adjudicating the instant Motion, the facts of this case are as follows:

---

[1] Plaintiff moved to seal certain documents filed with her response brief. See [Doc. 55]. For good cause shown, the Motion for Leave to File Matters Under Seal is **GRANTED**.

On October 31, 2020, Plaintiff visited a Wal-Mart store in Buford, Georgia. While she was at the store, she tripped on a pallet of merchandise. The incident was captured on video. See [Doc. 46-3]. The video shows a merchandise display and, at the end of the display, a pallet of boxes. See id.; see also [Doc. 46-5]. At approximately 1:26 PM, Plaintiff walked alongside the display, looking at the merchandise. [Doc. 46-3]. She picked an item off the display while she stood immediately adjacent to the pallet. Id. She then walked by the pallet, turned around it and fell across the aisle. Id. Nothing blocked Plaintiff's view of the pallet prior to her fall. Id.; see also [Doc. 46-2, p. 5].

Plaintiff had shopped at this Wal-Mart store on ten prior occasions. [Doc. 46-2, p. 1]. During those ten prior visits, Plaintiff had seen the use of pallets of merchandise on the sales floor of the store. Id. at 2. There is no evidence of any prior falls caused by the merchandise pallets on the sales floor. Id. at 4.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A material fact is

---

[2] Both parties referenced the standard for summary judgment under Georgia law. However, a federal court sitting in diversity jurisdiction "appl[ies] state substantive law

any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen, 121 F.3d at 646 (quoting Anderson, 477 U.S. at 251).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id. After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating that summary judgment is improper because a material issue of fact does exist. Id. However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be

---

and federal procedural law." Gasperini v. Ctr. for Humans., Inc., 518 U.S. 415, 427 (1996).

enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting Anderson, 477 U.S. at 251). If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)).

## ANALYSIS

### A.    Negligence Claim Against Defendant

In Georgia, an owner or occupier of land is liable to an invitee "for injuries caused by [the owner's or occupier's] failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. A "plaintiff's first burden in a premises liability case is to show the premises were defective or hazardous," Beman v. Kmart Corp., 501 S.E.2d 580, 582 (Ga. Ct. App. 1998), because "[p]roof of a fall, without more, does not create liability on the part of a proprietor or landowner," Flagstar Enters., Inc. v. Burch, 600 S.E.2d 834, 835 (Ga. Ct. App. 2004). Unless a plaintiff shows that a dangerous condition exists, "there can be no evidence that the defendant had any knowledge of the danger, and therefore no recovery for the plaintiff." Metts v. Wal-Mart Stores, Inc., 604 S.E.2d 235, 237 (Ga. Ct. App. 2004). To succeed in a premises liability action, then, "a plaintiff

must show: (i) the existence of a defective or hazardous condition on the premises; (ii) that the defendant had either actual or constructive knowledge of this condition; and (iii) that the plaintiff had no knowledge of the condition, despite the exercise of ordinary care." Warner v. Hobby Lobby Stores, Inc., 741 S.E.2d 270, 273 (Ga. Ct. App. 2013).

"The threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises." Flagstar Enters., 600 S.E.2d at 835. A "hazard" is "[a] danger or risk lurking in a situation which by chance or fortuity develops into an active agency of harm." Gresham v. Bell's Food Mkt., Inc., 534 S.E.2d 537, 538 (Ga. Ct. App. 2000) (alteration in original) (quoting Black's Law Dictionary (4th ed. rev.)).

The record in this case does not show the existence of a dangerous or hazardous condition. Plaintiff has not brought forward any evidence establishing that the pallet was dangerous or hazardous.³ Pallets of merchandise were routinely

---

³ In her response brief, Plaintiff suggests that Defendant failed to follow certain internal safety policies regarding how the merchandise on the pallet was positioned, referencing as support the report of an expert witness and the deposition of Defendant's representative under Rule 30(b)(6). See [Doc. 54, p. 2]. However, the Court "will not consider any fact . . . set out only in the brief" and not in the statement of material facts. See N.D. Ga. Civ. R. 56.1(B)(1); see also N.D. Ga. Civ. R. 56.1(B)(2)(b) (requiring a respondent to a summary judgment motion to file a statement of additional material facts that present a dispute for trial and that meet the requirements of Local Rule 56.1(B)(1)).

used on the sales floor, and Plaintiff did not show "the existence of a hazard by evidence that others had fallen in the area." Cohen v. Target Corp., 567 S.E.2d 733, 735 (Ga. Ct. App. 2002). In fact, Plaintiff conceded that she has no evidence of prior falls. Plaintiff's claim thus cannot survive summary judgment. See Holmes v. Dolgencorp, LLC, No. 1:17-CV-2460, 2019 WL 1499469, at *3 (N.D. Ga. Feb. 7, 2019) ("At the summary judgment stage, to create a question of fact as to the existence of a hazardous condition, a plaintiff must offer some evidence that the condition of the location where the incident occurred 'constituted an unreasonable risk of harm.'" (quoting Flagstar Enters., 600 S.E.2d at 835)); see also Cohen, 567 S.E.2d at 734–35 (holding that "summary judgment was warranted on the first ground urged by defendants—that [the plaintiff] failed to show the existence of any defect or hazard").

Even if evidence existed of a hazardous condition and even if Defendant possessed actual or constructive knowledge of that hazard, summary judgment would still be warranted. "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's *superior* knowledge of a condition that may expose the invitees to an unreasonable risk of harm." Parks-Nietzold v. J.C.

---

Therefore, the Court does not consider any facts set forth only in Plaintiff's response brief.

Penney, Inc., 490 S.E.2d 133, 135 (Ga. Ct. App. 1997) (emphasis added).  As such, "[r]ecovery is allowed only when the proprietor had knowledge and the invitee did not." Id.  It is undisputed in this case that Plaintiff had visited the premises on ten prior occasions and knew about the use of pallets to store merchandise.  In fact, prior to her fall, she observed the subject pallet and attempted to walk around it.  These circumstances show equal knowledge on Plaintiff's part and preclude recovery.  See D'Elia v. Phillips Edison & Co., 839 S.E.2d 721, 723 (Ga. Ct. App. 2020) ("'[A] plaintiff is not entitled to recovery if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.'" (quoting Cherokee Main St. v. Ragan, 813 S.E.2d 397, 399 (Ga. Ct. App. 2018))).

Viewing the evidence "and all factual inferences arising from it in the light most favorable to" Plaintiff, Allen, 121 F.3d at 646, the Court concludes that there is no genuine issue of material fact on Plaintiff's negligence claim.  The burden thus shifts to Plaintiff to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  Id. (quoting Matsushita Elec. Indus. Co., 475 U.S. at 587).  Plaintiff did not present any facts requiring that this matter be submitted to a jury.  As such, summary judgment is **GRANTED** to Defendant.

## B.     Negligence Claim against Doe Defendants

"As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); see also Smith v. Comcast Corp., 786 F. App'x 935, 939 (11th Cir. 2019) ("Our caselaw generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed."). There is "a limited exception to this rule" where "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Richardson, 598 F.3d at 738 (quoting Dean v. Barber, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). Courts are also more likely to accept the practice of fictitious party pleading "when a plaintiff proceeds *pro se* and is encumbered by incarceration" and "where allegations in the complaint make clear the plaintiff could uncover the names through discovery." Bowens v. Superintendent of Mia. S. Beach Police Dep't, 557 F. App'x 857, 862 (11th Cir. 2014).

Plaintiff's Complaint identifies Defendant Doe as "an unknown individual, believed to be a resident of Georgia, who was a general manager at the Wal-Mart store in question." [Doc. 1-1, p. 2]. The Complaint describes Defendant XYZ, Inc., as "an unknown corporation, believed to be a Georgia corporation, that was contracted by Defendant Wal-Mart for the delivery of pallets used in their store

9

premises." Id.  Neither of these descriptions are sufficiently specific to identify these parties.  See Presnell v. Paulding County, No. 4:10-CV-0060, 2010 WL 11520596, at *3 (N.D. Ga. July 21, 2010) ("Plaintiff has failed to describe Defendant John Doe with sufficient clarity to allow that Defendant to be identified or served with process.  At most, Plaintiff's allegations . . . indicate that Defendant John Doe was an employee or agent of Defendants . . . ."), aff'd, 454 F. App'x 763 (11th Cir. 2011); cf. Dean, 951 F.2d at 1216 (finding that a *pro se* plaintiff "described with sufficient clarity the head of the Jefferson County Jail as his additional defendant" where his "description was sufficiently clear to allow service of process" on that party).  Plaintiff is not proceeding *pro se* in this action, and moreover, at no time between the removal of this action and the filing of Defendant's Motion for Summary Judgment has she attempted to amend the Complaint to identify the Doe Defendants.  As such, the negligence claim against Doe Defendants is **DISMISSED**.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment [Doc. 46] is **GRANTED**.  The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 10th day of February, 2023.

J. P. BOULEE
United States District Judge